

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

*Rod J. Rosenstein*
*United States Attorney*

*Bonnie S. Greenberg*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4890*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*
*TTY/TDD: 410-962-4462*
*Bonnie.Greenberg@usdoj.gov*

February 23, 2010

Howard L. Cardin, Esquire
Cardin & Gitomer, P.A.
211 St. Paul Place
Baltimore, Maryland 21202

Re:   United States v. Todd Patrick Willasch
      Criminal No. WDQ 09-0367

Dear Mr. Cardin:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by March 1, 2010, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.   The Defendant agrees to waive Indictment and plead guilty to a Criminal Information which will charge him with receipt of material depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(2)(A). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.   The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

First, that on or about the date charged in the Information, the Defendant knowingly received child pornography and material that contained child pornography;

Revised 11/5/09



Second, that the child pornography had been mailed, and shipped and transported in interstate and foreign commerce.

## Penalties

3.(a)   The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(b)   The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.   The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.   If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.   The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

---

[1]   Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

    c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    e. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

    5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose

a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

A. RECEIPT OF CHILD PORNOGRAPHY

(i) The base offense level is twenty-two (22) pursuant to U.S.S.G. § 2G2.2(a)(2).

(ii) Pursuant to U.S.S.G. § 2G2.2(b)(1), there is a two (2) level decrease as the defendant's conduct was limited to receipt of material relating to the sexual exploitation of children.

(iii) Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

(iv) Pursuant to U.S.S.G. § 2G2.2 (4), 4 levels are added as the offense involved sadistic or masochistic or other depictions of violence.

(v) Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the receipt or possession involved the use of a computer.

(vi) Pursuant to U.S.S.G. §2G2.2(b)(7), there is a two (2) level increase because the offense involved at least 10 images, but fewer than 150 images.

**The offense level, therefore, is thirty (30).**

B. PRODUCTION OF CHILD PORNOGRAPHY

The Guideline calculation must also take into consideration the fact that the Defendant produced child pornography. U.S.S.G. § 1B1.2(c). Pursuant to U.S.S.G. § 2G2.1, the offense level for this is 38, as follows:

(i) The base offense level is twenty-two (32) pursuant to U.S.S.G. § 2G2.1(a).

(ii) Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense.

4

(iii)   Pursuant to U.S.S.G. § 2G2.1(b)(3), there is a two (2) level increase because the Defendant was a parent or relative of the defendant.

**The offense level, therefore, is thirty-eight (38).**

C.   GROUPING

Pursuant to U.S.S.G. §§ 1B1.2 and 3D1.4, the above-referenced groups do not group and therefore the highest offense level (38) is increased by one (1) offense level.

**The offense level, therefore, is thirty-nine (39).**

D.   ACCEPTANCE

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.

**The final offense level, therefore, is thirty-six (36).**

7.   The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.   This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines or in 18 U.S.C. § 3553(a) will be raised or are in dispute.

9.   The Defendant reserves the right to argue for a variance based on the Defendant's own personal mental conditions. The United States is free to oppose this requested variance. If the defense plans to raise any of these issues at the sentencing hearing, your client

agrees to provide any and all medical and treatment records, including the mental health evaluation, relating to this issue and agrees to be examined by a psychologist or psychiatrist retained by the government. Your client agrees that this information will be provided as soon as it is received by you, and sufficiently in advance of sentencing in order to allow the government to be prepared for the sentencing hearing.

### Obligations of the United States Attorney's Office

10.   At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence based on 18 U.S.C. § 3553, a lifetime period of supervised release, and dismiss the Indictment pending against your client.

11.   The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Obligations of the Defendant

12.   The Defendant agrees that any visitation with his children during the period of his supervised release should be supervised or until the children turn 18, whichever is first.

### Forfeiture

13.   The Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the Court will order the forfeiture of all proceeds obtained or retained as a result of the offense, any property used to commit or to facilitate the commission of the offense, and all property involved in the offense, including but not limited to the following: 14580 Fox Chase Circle, Ridgely, Maryland. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

14.   The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing

6

any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

<u>Waiver of Further Review of Forfeiture</u>

15. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

<u>Waiver of Appeal</u>

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **the high end of the range corresponding to offense level 36 and the Defendant's criminal history**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **the low end of the range corresponding to offense level 36 and the Defendant's criminal history**.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

17. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

19.  This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

4/15/10
Date

_____
Todd Patrick Willasch

I am Todd Patrick Willasch's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

4/15/10
Date

_____
Howard Cardin, Esquire

9

## ATTACHMENT A-STATEMENT OF FACTS

**The Defendant stipulates and agrees that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The Defendant also stipulates and agrees that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.**

Todd Patrick Willasch, age 30, is currently a resident of Ridgely, Maryland.

On April 14, 2009, M.G. contacted the Maryland State Police in Easton, Maryland after she found sexually explicit images of a six-year old girl related to Willasch on his laptop. The next day M.G. informed Sgt. Barry Bauguess of the Maryland State Police that she observed several pictures of the six-year old naked and posing in sexually explicit positions. Specifically, M.G. told Sgt. Bauguess that in at least one of the pictures the six-year old appeared to her to be masturbating.

On April 14, 2009, a state search warrant was executed at the residence of Todd Patrick Willasch, 14580 Fox Chase Circle, Ridgely, Maryland 21660. Law enforcement officers seized several computers and external hard drives, removable media, two digital video cameras and two digital cameras from the residence.

Forensic analysis of the computers, external hard drives, removable media and digital cameras seized from Willasch's residence revealed approximately 31 sexually explicit images of the six-year old in various positions exposing her genital area to the camera. In some of the images the six-year old has her hand or finger in her genital area. The forensic analysis also revealed that the images of the six-year old were taken with a Kodak Z1275 zoom digital camera, which was one of the digital cameras seized from Willasch's residence on April 14, 2009, and was manufactured outside the state of Maryland. The six-year old advised, in part, that Willasch took at least one of

the pictures. In an interview at Social Services, she advised that Willasch told her it was part of her pre-kindergarten homework. The child was under Willasch's supervision at the time the photographs were taken.

The forensic analysis revealed 95 images of child pornography, separate and apart from the pictures of the six-year old. A number of the pictures of the six-year old mimic the other images of child pornography in that she appears to be in similar positions. All of the suspected images of child pornography recovered from the digital evidence seized from Willasch's residence were submitted to the National Center for Missing and Exploited Children ("NCMEC") for possible identification. A number of the still images were determined to be "known" images, which means they were identified by NCMEC as actual children.

Additionally, several of the images of child pornography depicted children under the age of 12 years old. One of the child pornography images portrayed sadistic or masochistic conduct involving a prepubescent female.

Willasch admits that he possessed these images on his computer, hard drive, removable media, and digital cameras seized from his residence. Further, he admits that these items were manufactured outside the State of Maryland. Lastly, he admits that he received these images in the year 2008, including but not limited to an image entitled 16.jpg that depicts a naked prepubescent female lying on her back on a pink blanket with her knees bent and legs spread exposing her vagina to the camera. This image depicts a real child identified by the National Center for Missing and Exploited Children.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

4/15/10
Date

_____
Todd Patrick Willasch