IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. Action No. CCB-09-0567 |
| TODD PATRICK WILLASCH. | |

**MEMORANDUM & ORDER**

On April 16, 2010, Todd Willasch pled guilty before Judge William D. Quarles to one count of receipt of material depicting minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252A(a)(2)(A).[1] *See* Plea Agreement, ECF 29. He was sentenced to serve ten years in prison, to be followed by a life term of supervised release. *See* Judgment, ECF 42. Mr. Willasch's supervised release began in July 2017.

On July 21, 2023, through counsel, Mr. Willasch filed a motion for early termination of supervised release. Mot. for Early Term., ECF 64 ("Mot."). Although it appears he has done well on supervised release, both his Probation Officer and the government oppose the motion. *See* Opp'n to Mot., ECF 67; Suppl. Opp'n to Mot., ECF 69. For the following reasons, the court will deny the motion.

A court may terminate a defendant's term of supervised release after he has served at least one year "after considering the [relevant] factors set forth in [18 U.S.C. § 3553(a)]" if doing so is "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Section 3553 factors to consider include "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), the need to deter

---

[1] Judge Quarles has since retired.

criminal conduct, protect the public from the further crimes of the defendant, and provide the defendant with treatment and training, *id.* § 3553(a)(2), applicable guidelines sentencing ranges, *id.* § 3553(a)(4), pertinent policy statements by the Sentencing Commission, *id.* § 3553(a)(5), avoiding sentencing disparities between similar defendants, *id.* § 3553(a)(6), and providing restitution to the victims of the offense, *id.* § 3553(a)(7). Consideration of these factors, and particularly the nature of the offense and the need to protect the public from further offenses, convinces the court that early termination of supervised release is inappropriate at this juncture. *See United States v. Whisnant*, No. 14-cr-024-MR-WCM, 2024 U.S. Dist. LEXIS 64107 (W.D.N.C. Apr. 8, 2024); *United States v. Friedman*, No. 15-cr-019-JKB, 2022 U.S. Dist. LEXIS 171190 (D. Md. Sept. 20, 2022).

As indicated in the plea agreement, Mr. Willasch's conduct included production of at least one sexually explicit picture of a six-year-old girl then in his care. Plea Agreement at 10. He also possessed multiple pictures constituting child pornography, including at least one identified by the authorities as a picture of an actual child. *Id.* at 11. This was extremely serious and dangerous behavior, requiring a lengthy period of supervision to prevent the possibility of recidivism and harm to other children. If Mr. Willasch continues to do well, a life term may not be necessary, but he has not yet served even ten years on supervised release. The interests of justice do not support early termination at this time.

Accordingly, the motion for early termination (ECF 64) is Denied.

So Ordered this 5th day of August, 2024.

/s/
Catherine C. Blake
United States District Judge
